IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01510-WYD-CBS

J. SCOTT LASATER, as Personal Representative of the Estate of Gene M. Lasater, deceased,

    Plaintiff,

v.

GENE MARTIN LASATER, JR., a/k/a MARTY LASATER, an individual,

    Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Defendant's Motion for Attorney Fees, which is fully briefed.  Defendant seeks an award of his attorney fees, costs and expenses pursuant to D.C.COLO.LCivR 54.3; C.R.S. § 13-17-101, *et seq.*, and Fed. R. Civ. P. 11[1], arguing that Plaintiff and his attorney unreasonably expanded the proceedings by asserting a claim that lacked substantial justification.

I deny Defendant's motion, finding first that Defendant failed to comply with the procedural requirements of Fed. R. Civ. P. 11(c)(1)(A).  That rule "was amended in 1993 to provide that a motion for sanctions may not be filed with the court until 21 days after it has been served upon the opposing party and only if the opposing party has not withdrawn the challenged allegation or paper."  *McCoy v. West*, 965 F. Supp. 34, 35  (D. Colo. 1997).  "The purpose of this provision is 'to provide a type of safe harbor against

---

[1]  As acknowledged in his reply, Defendant mistakenly referred to Colo. R. Civ. P. 11 in the motion.

motions under Rule 11 in that a party will not be subject to sanctions on the basis of

another party's motion unless, after receiving the motion, it refuses to withdraw that

position or to acknowledge candidly that it has currently have evidence to support a

specified allegation."  *Id.* (quotation and internal quotation marks omitted).

In the case at hand, it is undisputed that Defendant did not serve the motion for

sanctions on Plaintiff and/or wait the required time period before filing it with the court.

This requirement is "mandatory"; [a]bsent compliance with this requirement, a motion for

Rule 11 sanctions must be denied.  *Johnson v. Suthers*, No. 12-cv-00096-REB-MJW,

2012 WL 2590611, at *2 (D. Colo. July 2, 2012) (citing *Roth v. Green*, 466 F.3d 1179,

1191-93 (10th Cir. 2006)).  A letter from counsel to the opposing party threatening

sanctions does not satisfy the safe harbor requirement.  *Rauch v. Sutphin*, No. 05-cv-

02429-REB-BNB, 2007 WL 1033446, at *3 (D. Colo. April 3, 2007) ("Contrary to

defendants' arguments, there is no 'substantial compliance' exception to the safe harbor

requirement in this Circuit.  The Tenth Circuit has specifically rejected such a reading of

Rule 11 and held that 'warning letters' between counsel during the prosecution of the

underlying action are insufficient to satisfy a Rule 11 movant's obligation to afford its

opponent an opportunity to withdrawn an allegedly offending paper or contention.")

(citing *Roth*, 466 F.3d at 1192-93).  Accordingly, I deny Defendant's motion on this

procedural basis.

Even if Defendant had complied with the safe harbor provision, I still would deny

the motion.  I find Defendant has not shown that Plaintiff's claims were without

substantial justification.  As shown in Plaintiff's response, his claims were facially valid

and arose from Defendant's failure to make payments on two (2) duly executed

promissory notes in favor of the estate.  Plaintiff attached true and correct duplicates of

each of the subject promissory notes to the Complaint, and alleged that diversity

jurisdiction existed.  Defendant did not deny the authenticity of the promissory notes,

and raised no substantive defenses to Plaintiff's enforcement thereof.  While it argued

that the probate exception existed to subject matter jurisdiction, I find this does not

render the claims without substantial justification.  Furthermore, contrary to Defendant's

allegations that Plaintiff filed this action for the purpose of harassing the Defendant,

Plaintiff asserts he was obligated to seek enforcement of the Notes pursuant to his

fiduciary duties as personal representative of the estate.

In conclusion, it is

ORDERED that Defendant's Motion for Attorney Fees (ECF No. 20) is **DENIED**.

Dated:  May 2, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge